## Case No. 7,486.

JONES v. OREGON CENT. RY. CO.

[3 Sawy. 523; [1] 8 Chi. Leg. News. 115.]

Circuit Court, D. Oregon. Nov. 30, 1875.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

Joseph N. Dolph, for the motion.
Walter Thayer and Benton Killin, contra.

DEADY, District Judge. The defendant moves to suppress the deposition of Charles S. Hinchman, taken at the instance of the plaintiff herein, for the reason that the witness does not appear, 1. "To have been cautioned, sworn or affirmed according to law; nor, 2. "To have been examined upon the interrogatories attached to the commission;" and that said deposition does not appear. 1. To have been "taken, returned and certified according to law;" nor, 2. "Taken, certified and returned in accordance with chapter 9 of the Code of Oregon and the practice of this court."

On May 7, 1875. a dedimus potestatem. or commission, was issued by the clerk of this court to Samuel L. Taylor, of Philadelphia, giving him power to cause Charles S. Hinchman "to come before" him "at certain days and places to be appointed" by such commissioner, "and then and there" to. take the examination of said "Hinchman on his corporal oath as a witness" in the above-entitled cause upon the direct and cross interrogatories thereto annexed; and also "to reduce such examination to writing, and certify and return the same annexed" to such commission "in a sealed envelope directed to the clerk" of this court "with all convenient speed." This commission was issued under section 806 of the Revised Statutes—the same being the final proviso of section 30 of the judiciary act of 1789 [1 Stat. 88], and sections 807–809, inclusive, of the Oregon Civil Code.

The examination of the witness was returned to this court in a sealed envelope on October 12, and published by order of the court on November 11. From the return, which is annexed to the commission. it appears that the deposition of the witness was taken in pursuance of the commission at the office of the commissioner in Philadelphia, on the fifteenth and twentieth days of July, 1875, the witness being first "duly affirmed according to law to testify the truth, the whole truth and nothing but the truth." It also appears that the witness, being so affirmed, did depose, in answer to the several interrogatories annexed to the commission, as stated in the deposition. So much appears from the statement of the commissioner preceding and introductory to the answers of the witness to the direct and cross interrogatories. The examination is signed by the witness and then follows a certificate of the commissioner, from which it appears that the witness, pursuant to said commission, came before him "on the days above specified," at 3 p. m. of each day, and "being duly affirmed according to law did testify in the above case as is found above": and that the deposition was by him reduced to writing and subscribed in his presence. This motion appears to have been made under the apprehension that the provisions of section 30 of the judiciary act of 1789, now sections 863–865 of the Revised Statutes, regulating the taking of depositions de bene esse, apply to the examination of a witness upon a dedimus potestatem as authorized by the proviso to said section 30, now section 866 of the Revised Statutes. and that title 7 of chapter 9 of the Oregon Civil Code applies to depositions taken upon a commission as well as to those taken de bene esse. But this is a mistake. Neither sections 863–865 of the Revised Statutes, nor title 7 aforesaid, is in any way applicable to a deposition taken upon a dedimus or commission. The argument for so applying title 7 is founded upon the following clause in section 818 of the Oregon Civil Code: "A deposition taken, whether in the state or without, upon insufficient notice or otherwise, not substantially in conformity with the provisions of this chapter (chapter 9), may be excluded from the case, unless," etc.

Title 6 of the same chapter provides for taking the deposition of a witness, out of the state, upon a commission. In such case it is only necessary for the return of the commissioner to show that he administered

an oath to the witness and took his examination upon the interrogatories, or if there are none, in respect to the question in dispute. Section 109, Civ. Code Or. But title 7 provides for taking depositions de bene esse upon notice, and in such case section 815 requires the officer to certify many details as to the taking of the deposition, which are not required by section 809 in the case of depositions taken under a commission. Chapter 9 provides for two modes of taking depositions, the one upon commission and the other upon notice. A deposition taken in either of these modes is taken "in conformity' with the provisions of the chapter," when it is taken in conformity with the provisions or title of the chapter relating to the taking of such a deposition.

To hold that all the provisions of the chapter are applicable to a deposition taken under either mode, would not only violate the plain significance of the clause in question, but make the statute an impracticable absurdity. Why go to the trouble of providing for two different modes of taking depositions, and then practically require them to be taken in the same manner in all cases—in effect in only one mode? It is not to be supposed that the legislature would provide different modes for taking depositions, in the case of witnesses without or within the state, and then declare that all the provisions applicable to either case should be complied with in the other, and there is nothing in the language of chapter 9 which gives the slightest countenance to such a conclusion. Therefore it is not necessary that the return should show on what days or times the examination of the witness was taken, nor who reduced it to writing. The commissioner is the agent or officer of the court. Gilpens v. Consequa [Case No. 5,452]. Power is given him to take the examination, and confidence is reposed in him that he will exercise this power according to the directions of the commission, which is his chart and guide. Neither do the provisions of the Revised Statutes, relating to depositions taken de bene esse, apply to this deposition. In Seargent's Lessee v. Biddle, 4 Wheat. [17 U. S.] 508, the supreme court held that depositions taken under a dedimus are not to be considered as taken de bene esse. To this same effect is the ruling in Nicholls v. White [Case No. 10,235].

Therefore it is immaterial whether the witness was "cautioned," or not, before being sworn as required by section 864 of the Revised Statutes, in the case of depositions taken de bene esse. Neither is it material that the return should show anything more than that the witness was duly sworn or examined upon his oath duly administered. Where an oath is required by the commission, if the law declares that an affirmation is equivalent, an affirmation is sufficient. Section 860 of the Oregon Civil Code provides that an affirmation may be made in place of an oath by any person who has conscientious scruples against taking the latter. The commission being an act of this court and the examination of the witness an exercise of judicial power through the intervention of its agent or officer, the commissioner, I think that the law regulating the proceeding in this court—the law of this state—controls the matter of how the witness should be qualified. On the other hand, if it should be held that the law of the place where the commission was executed would control in this respect, it can hardly be doubted that an affirmation is equivalent to an oath in the Quaker city of Philadelphia.

The objection that the witness was not examined upon the interrogatories, does not appear to be well founded in fact. As has been stated, the return shows that the witness deposed in answer to the first interrogatory as follows, giving the answer, and so on through all the series. This is found in the preamble or introduction to the deposition, and therefore it is contended that it is no part of the certificate to the deposition. Now the Code (section 809, supra) does not require a certificate to be appended to the examination of the witness, but only that the commissioner shall "certify the deposition to the court." This is sufficiently done when he certifies that the following or the foregoing or accompanying is the examination of the witness given upon his oath or affirmation by me duly administered, in answer to the interrogatories annexed to the commission, or as therein stated. Keene v. Meade, 3 Pet. [28 U. S.] 1. In this case the certificate appended to the examination states that the witness "testified in the above case as is found above," that is, in answer to the interrogatories annexed to the commission. Indeed, the matter is too plain to waste words upon. The power to grant a dedimus to take the examination of a witness is given to this court, "in any case where it is necessary, in order to prevent a failure or delay of justice," by section 866 of the Revised Statutes. It is to issue "according to common usage," which is construed to be the rule or law governing the practice of the court in this respect at the time. Rhoades v. Selin [Case No. 11,740]. In this case that law is found in sections 807–809, inclusive, of the Oregon Civil Code. The mode of issuing the commission and the authority and directions to be contained in it are prescribed by these sections, and it is to be executed accordingly. But the cases in which it may issue are not prescribed by the local law but by the United States statute above cited. When it is necessary to grant a dedimus to prevent a failure or delay of justice, the court must determine either by a general rule or a special order in each particular case. It may become necessary to take the examination of a witness upon a dedimus as well within the state as without,

and in such a case it would be done although the local law does not authorize it. None of the objections made to this deposition are valid. It appears to have been taken in substantial conformity with the directions in the commission, and the motion to suppress it is disallowed.